(No. 1049—Claimant awarded $680.63.)

ADDIE GRAVES, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1927.*

RESPONDEAT SUPERIOR—*State not liable for injuries sustained by its employees.* The State is not liable for injuries sustained by its employees while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.* The court may enter an award in favor of claimant who is injured while in the discharge of his duty, and base its award upon the rules of the Workman's Compensation Act.

CARL CHOISSER, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

It appears that claimant while in the course of employment by the defendant at the Kankakee State Hospital, on December 28, 1924, fell and injured her right arm and breaking it at the wrist.

The claimant makes demand in her statement of claim for damages to the extent of $3,000.00. In the argument of her counsel it is urged that the claimant should recover $5,000.00.

As it has been frequently announced by this court in cases of this kind, there is no legal liability. It has, however, been the practice of this court in cases of this kind to consider as a matter of equity and good conscience this class of cases under the Workmen's Compensation Act. From the evidence in this case, claimant suffered about 55% of the use of her hand, and following the rules laid down in the Workmen's Compensation Act, the claimant would recover 55% of 165 weeks.' salary at the rate of $7.50 per week, which would make a total as computed by the Attorney General, of $680.63. It is contended, however, by claimant that her arm and hand are stiff and useless as the result of such injuries. The claimant is a widow 55 years of age and it would appear that in the condition of her hand she would have a difficult task of earn-

ing a living, and it is alleged that she is dependent upon her own efforts or upon charity. However, the court is bound by precedent and must consider these cases on the rules of the Workmen's Compensation Act. There is a question in this case of the probability of a permanent disability in so far as claimant being able to follow her usual vocation. Therefore this court recommends taking into consideration all the facts in the case, that claimant be allowed the sum of $680.63.